# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MARTIN MUREITHI,**
**A# 079-062-042,**

    **Petitioner,**

vs.                                                     **Case No. 4:19cv80-MW/CAS**

**UNITED STATES ATTORNEY**
**GENERAL WILLIAM P. BARR, and**
**ICE DIRECTOR RONALD D. VITIELLO,**

    **Respondents.**

_____/

## **REPORT AND RECOMMENDATION**

Petitioner, proceeding pro se, initiated this case in the Middle District of Florida by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1. Because Petitioner was detained in Wakulla County, Florida, which is within the Northern District of Florida, this case was transferred to this Court. ECF Nos. 4-6.

Petitioner's § 2241 petition, ECF No. 1, alleged that Petitioner is a native and citizen of Kenya who was taken into ICE custody in June of 2013, but released in December 2013 on an order of supervision. *Id.* He

was again taken into custody on November 6, 2018, and claimed that he cooperated with efforts to remove him, but asserts that "ICE has been unable to remove" him from the United States. *Id.* at 3. Petitioner alleged that there was "no significant likelihood of removal in the reasonably foreseeable future" and no justification to continue his detention. *Id.* at 4.

Noting that Petitioner sought release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), service was directed and Respondents required to show good cause why the petition should not be granted. ECF No. 10. Subsequently, that Order was returned to this Court as undeliverable, ECF Nos. 13-14, indicating Petitioner was no longer in custody.

On March 22, 2019, Respondents filed a motion to dismiss the petition as moot. ECF No. 17. Respondents advise that Petitioner was removed "from the United States to Kenya on March 4, 2019." *Id.* at 1. Attached to the motion was a "warrant of removal/deportion" which demonstrates Petitioner left the United States by "air escort" from JFK airport in new York. *Id.* Although Petitioner refused to signed the document, it is signed by an immigration officer who witnessed Petitioner's departure. ECF No. 17-3 at 3. Therefore, because Petitioner has been afforded the relief sought in the petition and is no longer in custody, this § 2241 petition should be dismissed as moot.

## RECOMMENDATION

In light of Respondents' showing that Petitioner has been removed from the United States and is no longer held in detention, it is respectfully **RECOMMENDED** that the § 2241 petition be **DISMISSED as moot** since Petitioner has been granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on March 28, 2019.

       S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**